## Commonwealth v. Adams

676

*Allen E. Ertel, District Attorney*, for Common-wealth.

*John Felix, Public Defender*, for defendant.

GREEVY, *J.*, August 21, 1974—This matter is before the court on defendant's application to suppress evidence.

## FINDINGS OF FACT

At approximately 10 a.m. on September 6, 1973, officers of the Pennsylvania State Police and of the South Williamsport Borough Police arrived at King's Motel, Williamsport, Pa., to execute a warrant for the arrest of defendant, Louis E. Adams, for burglary.

While in the lobby of the motel and looking into a wing of the motel, an officer saw defendant stick his head out of Room 8 and look around. Shortly thereafter, another person, Diane Frederick Walker, stepped out of the room and was heard to yell, "Hey, Louie, the cops." The door to Room 8 was immediately closed. Thereafter, the officers discovered a rear window in Room 8 open and were informed by a motel guest that a black man was seen running up over the hill immediately behind the motel. In response to this information, some of the officers began searching the area behind the motel while another stayed behind with Mrs. Walker.

After a fruitless search of the area behind the motel, lasting approximately one and a half hours, the officers returned to the locked Room 8 to investigate the possibility that defendant had never left the room.

The officers knocked on the door and announced who they were. Receiving no response, the door was

opened with a passkey. Upon entering the room, the officers saw a quantity of marihuana, a pipe and some cigarette papers lying on the top of a desk.

Defendant seeks to suppress the marihuana as evidence on the grounds that the search of the motel room was without consent, without probable cause, without a warrant, and at a time when the police officers were illegally on the premises.

## DISCUSSION

At the outset, the uncontroverted facts in this case establish that the police officers had probable cause to arrest defendant in the form of a warrant and were thus legally on the motel premises in order to execute this warrant.

Furthermore, under the circumstances, defendant's contention relating to consent has no merit. A police officer may enter a motel room in order to effectuate an arrest provided that, except under exigent circumstances, he give notice of his identity, announce his purpose, and then give the occupant a reasonable opportunity to surrender his privacy: Commonwealth v. Negri, 414 Pa. 21 (1964); Commonwealth v. McCloskey, 217 Pa. Superior Ct. 432 (1970). However, forcible entry, no matter how great the probable cause, is violative of the fourth amendment, absent exigent circumstances, if the occupants are not given opportunity to surrender voluntarily: Commonwealth v. DeMichel, 442 Pa. 553 (1971).

Considering defendant's actions in closing and locking the door in the face of the officers, it is doubtful whether any warning by the officers was necessary at all before they could have forcibly entered Room 8. See Commonwealth v. Negri, supra,

page 33. In any event, a proper announcement was given before entry and defendant's Fourth Amendment rights were not violated.

Likewise without merit is defendant's contention that the marihuana was illegally obtained as a result of a search without a warrant. From the facts in this case it is clear that the marihuana was observed openly on the top of the desk as the officers entered the room pursuant to the arrest warrant. These facts present a situation squarely within the "plain view" doctrine and justified the seizure of the marihuana without a search warrant: Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971).

## CONCLUSION OF LAW

The marihuana was not seized in violation of defendant's rights under the United States and Pennsylvania Constitutions.

On the basis of the foregoing we make the following

## ORDER

And now, August 21, 1974, defendant's application to suppress is dismissed and the prayer is denied. The marihuana is admissible as evidence at trial.

This record shall be impounded pursuant to Pa.Crim.P. 323(g).